IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES W. WATKINS,

    Plaintiff,

v.                                         Civil Action No. 5:04CV141
                                                      (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The plaintiff, James E. Watkins, filed an action in this Court on December 29, 2004, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The Commissioner filed an answer to plaintiff's complaint on March 29, 2005. The parties then filed cross-motions for summary judgment.

Magistrate Judge Seibert considered the parties' motions for summary judgment and submitted a report and recommendation. In his report, he found that the Administrative Law Judge ("ALJ") was substantially justified in his decision. Specifically, the magistrate judge found that: (1) the ALJ properly included all of the claimant's impairments supported by the evidence of record in

posing the hypothetical question to the vocational expert; and (2) the ALJ properly concluded that the claimant was only disabled for the closed period between May 24, 2001 through October 29, 2002. Based on this finding, the magistrate judge recommended that the Commissioner's motion for summary judgment be granted.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff submitted timely objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the district court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is made. As to those portions of the report to which no objection is made, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous."

## II. Facts

On March 6, 2002, the plaintiff filed a claim for disability insurance benefits ("DIB") with the Social Security Administration, alleging a disability since May 24, 2001. On March 7, 2003, a hearing was held before an ALJ. The ALJ found that the plaintiff was disabled for a closed period from May 24, 2001 until October 29, 2002. The Appeals Council denied the plaintiff's request for

review of the ALJ's decision on August 24, 2004. The plaintiff then filed the present action with this Court.

### III. Applicable Law

A. Standard of Review

In conducting a de novo review under 42 U.S.C. § 405(g), this Court must determine: (1) whether the ALJ applied the correct legal standard and (2) whether substantial evidence in the record supports the ALJ's decision. Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197 (1938). In determining whether the record supports the ALJ's findings, a court must consider "whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).

B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of

material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

4

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. Discussion

The plaintiff objects to the magistrate judge's findings that: (1) the ALJ's decision that the plaintiff was disabled only for a closed period is supported by substantial evidence; and (2) the hypothetical question posed to the vocational expert was complete.

This Court has considered the issues raised in the plaintiff's objections to determine whether the magistrate judge's report and recommendation was proper. Upon review of the record and the findings made by the ALJ, this Court concludes that: (1) the decision to award the plaintiff disability benefits only for the time period from May 24, 2001 until October 29, 2002 was reached by applying the correct legal standard and was supported by substantial evidence; and (2) the ALJ correctly posed the hypothetical question to the vocational expert. Thus, the magistrate judge's report and recommendation should be affirmed.

A. Substantial Evidence

The plaintiff objects to the Commissioner's conclusion that the plaintiff was disabled only for a closed period of time from May 24, 2001 until October 29, 2002. Plaintiff asserts that he continued to be disabled after October 29, 2002. The plaintiff further

objects to the magistrate judge's report and recommendation that the plaintiff no longer requires an hour of rest in the morning and afternoon during the workday.

The ALJ found that the plaintiff could engage in substantial gainful activity after October 29, 2002, because he no longer required an hour of rest in the morning and afternoon. The ALJ determined the plaintiff's disability through the fifth step of the sequential evaluation.

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims pursuant to 20 C.F.R. § 404.1520. The issue in this civil action is whether the Commissioner satisfies the fifth inquiry of the sequential evaluation: whether the claimant has the residual functional capacity to perform other forms of substantial gainful activity, considering the claimant's age, education, work experience and impairments. To determine the residual functional capacity of the plaintiff the ALJ must determine what jobs the plaintiff can still perform despite his limitations. 20 C.F.R. §§ 404.1545, 416.945. Residual functional capacity is an assessment based upon all of the relevant evidence, which may include descriptions of limitations that go beyond the symptoms and observations by treating medical personnel or other persons, including friends and family. Id.

In his decision, the ALJ determined that the plaintiff was disabled for a closed period of time, or finite period of time that started and stopped prior to the date of his decision. The ALJ evaluated the plaintiff's impairments, including L4-5 disc

herniation, degenerative disc disease of the lumbar spine, diabetes, a right foot injury and visual impairments.  The ALJ concluded that the plaintiff was disabled from May 24, 2001 until October 29, 2002.  The ALJ determined that as of October 29, 2002 there were medical improvements in the plaintiff's back condition.  Specifically, the plaintiff no longer needed to lie down for an hour in the morning and an hour in the afternoon during the workday.  The plaintiff objects to the ALJ's findings that his disability was for a closed period of time and that the plaintiff no longer requires an hour of rest every morning and afternoon.

A medical improvement is "[a]ny decrease in the medical severity of impairment(s) which was present at the time on the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled."  See 20 C.F.R. § 404.1594(b)(1).  Several circuits have applied the medical improvement standard when reviewing a closed period case.  See Shepherd v. Apfel, 184 F.3d 1196, 1200 (10th Cir. 1999); Jones v. Shalala, 10 F.3d 522 (7th Cir. 1993); Chrupcala v. Heckler, 829 F.2d 1269, 1274 (3d Cir. 1987); Pickett v. Bowen, 833 F.2d 288, 292 (11th Cir. 1987).  The Commissioner determined that there has been a decrease in medical severity by evaluating the improvements in symptoms, signs and/or laboratory findings associated with the impairments.  See id.

In his evaluation, the ALJ considered plaintiff's daily activities.  In his daily activities, plaintiff transports his father, mother and children to appointments and does various housework, including laundry, vacuuming and washing dishes.

7

Plaintiff also testified that he could lift a ten-pound bag of potatoes from the floor and could stand for 30-minute intervals before he needed to sit. (Report & Recommendation 19; Tr. 349.) The ALJ properly weighed the medical evidence, including Dr. Grady's report, to determine that the plaintiff had demonstrated medical improvement by October 2002. (Tr. 23.)

In his objections, the plaintiff argues that Dr. Grady's report does not suggest that his condition has improved. However, the plaintiff admits that Dr. Grady stated that the plaintiff "is at maximal medical improvement." (Pl.'s Objection at 4.) The ALJ also took into consideration Dr. Grady's report that Dr. Weinstein did not recommend surgery and Dr. Grady's opinion that he would not expect the plaintiff to improve with further invasive treatments. (Tr. 23.) After analyzing the record, this Court finds that the ALJ made his decision based upon Dr. Grady's findings along with the other medical testimony and plaintiff's testimony to determine that the plaintiff's condition has medically improved.

This Court notes that it is the responsibility of the ALJ to make factual determinations and to resolve evidentiary conflicts, and a court should give great deference to these factual findings. See Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972). Thus, echoing the court in Freeman v. Halter, 141 F. Supp. 2d 592 (W.D.N.C. 2001), this Court finds that "[a]lthough the medical records in this case establish that Plaintiff experienced pain and mental and emotional difficulties to some extent or degree, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the

8

Court's 'to reconcile inconsistencies in the medical evidence.'" Id. at 600 (quoting Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976)). Thus, because the ALJ properly evaluated the plaintiff's disabilities, and substantial evidence in the record supports these findings, the magistrate judge's report and recommendation must be upheld.

B. Sequential Analysis

In his report, the magistrate judge concludes that the ALJ properly met the fifth step of the sequential analysis evaluation. The five-step inquiry is utilized by an ALJ to determine whether a claimant is disabled within the meaning of the Social Security Act. The plaintiff bears the burden of proof through the first four steps and the Commissioner bears the burden of proof for the fifth and final step. The ALJ determined that the plaintiff met his burden of proof in the first four steps on the inquiry. To prevail at the fifth step, the Commissioner must identify a significant number of jobs in the economy that accommodate the plaintiff's residual functional capacity ("RFC") and takes into account such factors as age, education level and skills. McLamore v. Weinberger, 538 F.2d 572 (4th Cir. 1976).

The ALJ made an RFC based upon several factors, including plaintiff's testimony, medical reports and a comprehensive review of the medical evidence of record.

The RFC was used to formulate a hypothetical question for a vocation expert. The vocational expert testified as to the type and number of jobs that are available to the claimant on a national

and local level based on his RFC.  The plaintiff objects to the magistrate judge's report and recommendation that the ALJ's question to the vocational expert was complete.  The plaintiff cites the Commissioner's policy, Social Security Regulation 96-9p, that: "[t]he RFC assessment must [sic] be specific as to the frequency of the individual's need to alternate sitting and standing."  Plaintiff argues that the vocational expert's question was incomplete because it should have been more specific.  This Court finds this argument unpersuasive.

After analyzing the record, this Court finds that the ALJ properly asked the vocational expert to describe any work that an individual could perform with a "sit-stand option."  The ALJ did not provide a specific question regarding the frequency of the plaintiff's need to alternate sitting and standing.  This Court finds that the ALJ's failure to provide a more specific question does not affect the outcome in this civil action.

The plaintiff argues that the magistrate judge did not provide a justification for his assertion that the jobs identified by the vocational expert "were those in which Claimant could change positions at will."  (Report & Recommendation at 21-2.)  However, by definition, sedentary work with alternate sitting and standing is defined by the need to stand periodically. (Soc. Sec. Regulation at 96-9.)  The plaintiff has made no claim that he cannot stand periodically.  To the contrary, plaintiff performs many daily activities such as taking family members to appointments, providing child care to his children, vacuuming, washing dishes and doing

10

laundry.  Further, plaintiff testified that he could stand for 30-minute intervals before he needed to sit.  (Report & Recommendation 19; Tr. 349.)  All of the above-mentioned activities require the plaintiff to stand periodically.  Thus, plaintiff has proven through his testimony that he can perform sedentary activities that require him to stand periodically.  Plaintiff's doctors do not testify to the contrary nor has plaintiff provided any evidence that he has a medically determinable need to rest during the day.

This Court notes that it is the responsibility of the ALJ to make factual determinations and to resolve evidentiary conflicts, and a court should give great deference to these factual findings. See Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972).  Thus, echoing the court in Freeman v. Halter, 141 F. Supp. 2d 592 (W.D.N.C. 2001), this Court finds that "[a]lthough the medical records in this case establish that Plaintiff experienced pain and mental and emotional difficulties to some extent or degree, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's 'to reconcile inconsistencies in the medical evidence.'" Id. at 600 (quoting Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976)).  This Court finds that the Commissioner has met its burden of proof that the plaintiff can perform sedentary work that could require him to stand periodically.  Thus, the ALJ properly evaluated the plaintiff's disabilities, and substantial evidence in the record supports these findings, the magistrate judge's report and recommendation must be upheld.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objection to the report and recommendation lacks merit, and because the remaining findings are not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the summary judgment motion of the plaintiff is hereby DENIED, and the summary judgment motion of the defendant is hereby GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:  February 10, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE